952 F.2d 406
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Victor FALOY and Mark Dapo-Solomon, Plaintiff-Appellants
v.
UNITED STATES of America, Defendant-Appellee.
 Nos. 91-10031, 91-10033.
 United States Court of Appeals, Ninth Circuit.
 Submitted Nov. 5, 1991.*
Decided Dec. 17, 1991.
 
 Before ALARCON, D.W. NELSON and CANBY, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Victor D. Faloy and Mark Dapo-Solomon appeal from their convictions for conspiring to import heroin, conspiring to possess heroin with intent to distribute, importing heroin, and possessing heroin with intent to distribute in violation of 18 U.S.C. § 2 and 21 U.S.C. §§ 936, 846, 952(a), 960(b)(1), 841(a)(1) & 841(b)(1)(A). Faloy and Dapo-Solomon seek reversal on the following grounds:
 
 
 3
 One. The district court abused its discretion in allowing a United States Customs special agent to provide expert testimony on drug trafficking modus operandi and to identify the roles played by the defendants.
 
 
 4
 Two. The district court incorrectly instructed the jury that the punishment provided by law for the charged offense was a matter exclusively within the province of the court.
 
 
 5
 We affirm because we conclude that the district court did not abuse its discretion in ruling that a United States Customs special agent was qualified to testify on drug trafficking modus operandi and the role played by the appellants. We also conclude that the district court did not err in instructing the jury that the punishment provided by law is a matter exclusively within the province of the court.
 
 I.
 
 6
 Faloy and Dapo-Solomon contend that the district court abused its discretion by (1) permitting United States Customs Special Agent John Borges to testify as an expert under Federal Rule of Evidence 702; (2) allowing him to testify that in his experience, he had never seen a genuine "blind mule;" and (3) allowing him to identify Faloy as a "shotgun" after a description of the general roles played by a "mule" and a "shotgun" in drug courier operations. Appellants claim that this testimony usurped the function of the jury. We review a district court's decision to admit expert testimony for abuse of discretion. United States v. Kinsey, 843 F.2d 383, 388 (9th Cir.1988), cert. denied, 487 U.S. 1223 (1988).
 
 
 7
 Under Rule 702 of the Federal Rules of Evidence, if specialized knowledge "will assist the trier of fact to understand the evidence or to determine a fact in issue, a witness qualified as an expert by knowledge, skill, experience, training, or education, may testify thereto in the form of an opinion or otherwise." We have previously held that a district court does not abuse its discretion in permitting law enforcement officers to testify to the techniques and methods used by criminals. E.g., United States v. Espinosa, 827 F.2d 604, 612 (9th Cir.1987), cert. denied, 485 U.S. 968 (1988); United States v. Rogers, 769 F.2d 1418, 1425 (9th Cir.1985).
 
 
 8
 Agent Borges had been a policeman dealing with narcotics in Honolulu for eleven years, a special agent for the Drug Enforcement Administration for five years, and a United States Customs special agent for twelve years. He estimated that he had been involved in between two and three hundred drug smuggling and courier investigations. The district court did not abuse its discretion in finding that this experience qualified him as an expert in the field of narcotics trafficking. See United States v. Christophe, 833 F.2d 1296, 1300 (9th Cir.1987) (An agent with seven years of FBI experience who had spent the last four years investigating between 800 to 1000 robberies was properly qualified as an expert); United States v. Golden, 532 F.2d 1244, 1247 (9th Cir.1976), cert. denied, 485 U.S. 968 (1988) (drug enforcement agent with eleven years experience in undercover narcotic activity and over 400 heroin purchases was properly qualified as an expert).
 
 
 9
 Appellants also object that the district court abused its discretion in allowing Agent Borges to testify about "blind mules." We find these contentions unpersuasive. The "blind mule" theory was raised in Dapo-Solomon's opening statement. Once defense counsel "open[s] the door to this line of questioning," the government is entitled to rebut it. United States v. Beltran-Rios, 878 F.2d 1208, 1212 (9th Cir.1989); United States v. Taylor, 716 F.2d 701, 710 (9th Cir.1983). In Taylor, for example, defense counsel cross-examined a DEA agent regarding drug manufacturers' use of third parties to pick up chemicals. Id. at 710. On redirect, the prosecutor asked the DEA agent if the third parties were usually involved in the drug manufacturing operation. Id. The DEA agent testified that, in his experience, innocent third parties were not used to pick up chemicals. Id. We ruled that defense counsel had "opened the door" to the line of questioning. Accordingly, the district court did not abuse its discretion in admitting the testimony. Id. In the instant matter, the district court did not abuse its discretion in admitting similar testimony.
 
 
 10
 Appellants further contend that the district court abused its discretion in allowing Agent Borges to specifically identify Faloy as a "shotgun" and Dapo-Solomon as a "mule" after describing the general characteristics of a "mule" and a "shotgun" in drug courier operations. Appellants' contention that the admission of Agent Borges' testimony was improper appears to be based on the common law prohibition against allowing a witness to express an opinion on an "ultimate issue." Rule 704 of the Federal Rules of Evidence, however, specifically abolished this stricture.
 
 
 11
 We applied the rule permitting the admission of ultimate issue testimony under comparable circumstances in United States v. Fleishman, 684 F.2d 1329 (9th Cir.1982), cert. denied, 459 U.S. 1044 (1982). There, a DEA agent testified that the defendant was acting as a "lookout" and engaged in "countersurveillance" activities. Id. at 1335. The Fleishman defendant argued that such testimony was tantamount to testimony on the issue of guilt. Id. Since the testimony involved an opinion on an ultimate issue, the defendant claimed it improperly encroached on the province of the jury. Id. We held that the district court had not abused its discretion by admitting the testimony, drawing a distinction between "opinions of a defendant's guilt or innocence and expert testimony regarding the various roles played by persons involved in illegal enterprises." Id. at 1336.
 
 
 12
 Likewise, in United States v. Kinsey, 843 F.2d 383 (9th Cir.1988), cert. denied, 487 U.S. 1223 (1988), an expert testified that Kinsey was involved in distributing cocaine. Id. at 387. Kinsey claimed that since intent to distribute was a necessary element of the charges against him, the district court erred in admitting the testimony. Id. We held that the district court did not abuse its discretion. Id. at 389. We explained our holding as follows:
 
 
 13
 "An ultimate issue opinion by a properly qualified expert should not be excluded except in the extreme case where the expert's opinion is inherently misleading or unfairly prejudicial. Rule 704(a)'s relaxation of the ultimate issue prohibition necessarily implies that the trial court must be vested with substantial discretion in its rulings as to the admissibility of ultimate issue testimony."
 
 
 14
 Id. at 389.
 
 
 15
 In the instant matter, Agent Borges testified about the specific roles that the appellants played in the drug smuggling scheme. We agree that by specifically identifying Faloy as a "shotgun" and Dapo-Solomon as a "mule," Borges expressed his opinion on an ultimate issue in the case. This testimony was admissible under Fleishman and Kinsey.
 
 
 16
 Appellants argue that United States v. Beltran-Rios, 878 F.2d 1208 (9th Cir.1989) supports their position that the expert's testimony was inadmissible. We disagree.
 
 
 17
 In Beltran-Rios, the defendant had been found with three packages of heroin in his shoes while entering into the United States. Beltran-Rios, 878 F.2d at 1209. The defendant claimed duress. Id. In his opening statement, defense counsel described Beltran's poorly dressed appearance and lack of money in an attempt to portray him as a poor farmer vulnerable to the threats of drug dealers. Id. at 1210. The same theme was repeated during cross-examination. Id. In rebuttal, the government introduced expert testimony describing the characteristics of the typical drug courier or "mule." A deputy sheriff testified that mules were generally poor, sympathetic-looking individuals for whom the drug trade was the only way to make money quickly. Id.
 
 
 18
 In upholding the admission of the testimony, we pointed out that the use of criminal profiles as evidence of guilt has been "severely criticized." Id. We stated in this regard:
 
 
 19
 [D]rug courier profiles are inherently prejudicial because of the potential they have for including innocent citizens as profiled drug couriers.... Every defendant has a right to be tried based on the evidence against him or her, not on the techniques utilized by law enforcement officials in investigating criminal activity.
 
 
 20
 Id. (quoting United States v. Hernandez-Cuartas, 717 F.2d 552, 555 (11th Cir.1983).
 
 
 21
 In Beltran-Rios, the Government conceded that profile testimony is generally undesirable as evidence of guilt, but claimed that since the defendant opened the door to such testimony during his opening statement and cross-examination, it should be allowed to rebut that strategy. Id. at 1211. We accepted the Government's argument, but emphasized in a footnote that "the holding in this case is a relatively narrow one. The Government may introduce profile testimony of this sort only to rebut specific attempts by the defense to suggest innocence based on the particular characteristics described in the profile." Id. at 1213, n. 2. The passage quoted above demonstrates that Beltran-Rios is fully consistent with the law of this circuit set forth in Fleishman and Kinsey.
 
 II.
 
 22
 Appellants also contend that the district court erred in instructing the jury that the "punishment provided by law for the offense charged in the indictment is a matter exclusively within the province of the court." They argue that since jurors see the federal judge as "a pillar of independence, wisdom and courage," Appellant's Brief at 11, they might convict more easily if they thought that any mistake in conviction would be alleviated by the judge's wisdom at the sentencing phase. Because the judge's discretion to sentence criminals has been limited by the federal sentencing guidelines, appellants claim the instruction is "simply false." Id.
 
 
 23
 We review alleged instructional error de novo. United States v. Sanchez-Robles, 927 F.2d 1070, 1073 (9th Cir.1991). Appellants' argument is frivolous. They argue that instructing the jury that the "punishment provided by law for the offense charged in the indictment is a matter exclusively within the province of the court" is dishonest because a federal judge does not actually have absolute discretion in imposing sentences. However, "province" is defined as "proper or appropriate function or scope." Webster's New Collegiate Dictionary 921 (8th ed. 1979). Sentencing is clearly a function within the authority of the district court.
 
 
 24
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for submission on the record and briefs and without oral argument pursuant to Fed.R.App.P. 34(a), Ninth Circuit Rule 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3